**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Wilfred L. Anderson,** | ) | **CASE NO. 1:14 CV 276** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Luann Mitchell,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Wilfred L. Anderson filed this action against Luann Mitchell.  In the

Complaint, Anderson claims Mitchell forged his signature on letters to the Internal Revenue

Service (IRS), and called the Cleveland Metropolitan Housing Authority ("CMHA") with an

anonymous tip that he was operating a business from his apartment.  He asserts claims under 18

U.S.C. §§ 1341, 1342, and 1349, as well as Ohio Revised Code § 2739.01.  He seeks monetary

damages.

Anderson also filed an Application to Proceed *In Forma Pauperis*.  That

Application is granted.

**BACKGROUND**

This case is the latest filing in a long-standing, acrimonious dispute between Anderson

and Mitchell.  It appears the dispute initially arose in 2010 as a verbal disagreement over possession of the cremains and urn of Angelina Johnson, and escalated into attempts by both parties to pursue criminal charges against the other, and at least four lawsuits in the Cuyahoga County and Summit County Courts of Common Pleas.  *See Anderson v. Mitchell*, No. 99876, 2014 WL 1327763 (Ohio App. 8 Dist. Mar. 20, 2014)

Anderson has now filed this lawsuit against Mitchell claiming she is harassing him by sending letters, purporting to be from him, to the IRS and by calling in anonymous tips to CMHA to report he is practicing medicine without a license from his CMHA apartment. Anderson contends that in one of the state court civil actions, Mitchell argued he still had an interest in Vaginise, Inc, a company that provided medical test kits in 2007 and 2008.  Anderson contends the company stopped selling test kits in 2008 and has not done business since that time.  Anderson indicates he believes Mitchell is behind the harassment because the IRS letters and the CMHA tip referenced the defunct Vaginise company.

Anderson claims he first became aware of the harassment when he received a returned letter addressed to the IRS, and marked as undeliverable.  He claims his address was listed on the envelope as the return address; however, he did not write or send the letter.  Inside the envelope was a letter purporting to be from Anderson to the IRS providing all of Anderson's contact information, including email addresses, and indicating he "would like to make financial arrangements to pay the arrearage on the multiple back taxes that I know that I owe.  I propose authorizing payments to you from my Huntington Bank account, which is under the name of my current company: VAGINICE, INC., 2485 Newbury Drive, Cleveland Heights, Ohio 44228... ." (ECF No. 1 at 7).  The author of the letter repeatedly insults the intelligence of the IRS agent

-2-

reading the letter, and antagonizes the IRS by suggesting Anderson is likely to evade paying

taxes in the future.  Furthermore, although Anderson's license to practice medicine was revoked

in 1998,[1] the letter's author brags about the large income Anderson is likely to receive in the

near future from practicing medicine.  It states:

> Since my medical knowledge and expertise is so specialized, I
> fully expect my income to only rise in the coming months.  I
> attempted to conceal my direct ownership and involvement
> concerning my company by listing my son, Alexander Anderson
> (Ohio State University, College of Engineering) as the president
> of Vaginise.  My son does not want to involve himself in my lies,
> and I do not want to saddle him with the liabilities of a company
> that I solely own, operate, and make tons of money from.

(ECF No. 1 at 7).  Thereafter, the author invites the IRS to contact Anderson "to start making

payments on the debt."

Anderson claims he received a second "returned" letter addressed to the IRS in April

2013.  He did not open this letter, but assumed it contained identical allegations.  Both letters

were postmarked January 30, 2013.[2]

In addition, Anderson also claims CMHA supervisor Pamela Bradley came to his

CMHA apartment on January 3, 2013, stating she received an anonymous tip that Anderson was

operating a medical laboratory for Vaginice, Inc. from his CMHA apartment.  Anderson claims

Mitchell enlisted the help of three of her friends to attempt to purchase test kits from the

internet.  Anderson claims Vaginise, Inc. is not a term returned by any internet search engine

and yet he received three email inquiries, all from the Cleveland area, within a seven day period

---

[1]    *See* http://www.med.ohio.gov/consumer-find_medical_practitioner.htm.

[2]    Anderson states he received the letters in February and April, 2014.  (ECF No. 1 at 2).  The
letters are marked as returned in February and April 2013.

of time.  Anderson claims Mitchell prompted these woman to contact him so she could

telephone CMHA to report his operation of a medical business from his CMHA apartment.

Based on these incidents, Anderson asserts causes of action under criminal statutes 18

U.S.C. §§ 1341, 1342, and 1349.  He also asserts causes of action for libel and slander under

Ohio tort law.  He seeks compensatory and punitive damages.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or

fact when it is premised on an indisputably meritless legal theory or when the factual

contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A

pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.

The Plaintiff is not required to include detailed factual allegations, but must provide more than

"an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

-4-

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## **DISCUSSION**

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of  jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. Anderson lists his address as Cleveland, Ohio. He lists a Richmond Heights, Ohio address for Mitchell. Because the Plaintiff and Defendant appear to be citizens of the same state, the citizenship of the parties is not diverse, and this cannot serve as the basis for subject matter jurisdiction.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" a Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue; (2) are completely preempted by federal law; or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Anderson is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Anderson failed to properly identify a federal

-6-

question in this case.

Anderson lists four cases of action.  The first three are asserted under 18 U.S.C. §§ 1341, 1342, and 1349.  These are criminal statutes.  They provide no private right of action.  *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).  The last cause of action is asserted under Ohio tort law.  There is not federal question upon which federal court jurisdiction can be based.


**CONCLUSION**

Accordingly, Anderson's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


                   /s/Patricia A. Gaughan
                   PATRICIA A. GAUGHAN
Date:   7/28/14           United States District Judge